IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUHI J. REIMER,<br><br>       Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>       Defendant. | Civil Action No. 1:18-cv-00229-LO-TCB |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"), by counsel, for its brief in support of Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully states as follows:

### I. Procedural History and Facts

On or about January 24, 2018, Plaintiff Ruhi J. Reimer ("Reimer" or "Plaintiff") initiated this civil action with the filing of a Warrant in Debt in the General District Court for the County of Loudoun, Virginia, under the caption *Ruhi J. Reimer v. State Farm Mutual Automobile Company,* Case No. GV18000463-00. The Warrant in Debt seeks a recovery from State Farm in the amount of $5,000 for an alleged "violation of consumer protection law including but not limited to Fair Credit Reporting Act." A true copy of the Warrant in Debt is attached to State Farm's Notice of Removal as Exhibit 1. *See* Doc. 1-1 (Warrant in Debt). On March 2, 2018, State Farm removed this action to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. *See* Doc. 1 (Notice of Removal). Because the Warrant in Debt fails to state a claim upon which relief can be granted, State Farm requests dismissal pursuant to Rule 12(b)(6).

## II. Argument

### A. Standard of Review

Fed. R. Civ. P. 12(b) provides in part that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required", provided that "a party may assert the following defenses by motion: … (6) failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6).

The standard of review applicable to a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is well settled. As recently stated by this Court:

> To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555. While "detailed factual allegations" are not required, Rule 8 does demand that a plaintiff provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* Because a Rule 12(b)(6) motion tests the sufficiency of a complaint without resolving factual disputes, a district court "'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't v. Montgomery County*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). Accordingly, a complaint may survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Chien v. Commonwealth of Virginia*, No. 1:17-CV-677-LO-TCB, 2018 WL 1157548, at *1 (E.D. Va. Mar. 5, 2018).

"A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims." *Chan Soo Kim & Xtenius International, Inc. v. Green Tea Ideas, Inc.*, No. 3:17-CV-00449-JAG, 2018 WL 1172998, at *2, fn. 3 (E.D. Va. Mar. 6, 2018) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).

"In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999))). "The principle that a court must accept all allegations as true, however, does not apply to legal conclusions." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**B.     Dismissal Is Appropriate Pursuant To Fed. R. Civ. P. 12(b)(6)**

Plaintiff's Warrant in Debt alleges in conclusory fashion that State Farm is liable for "violation of consumer protection law including but not limited to Fair Credit Reporting Act".

The Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, is a federal Act which "[i]n certain instances … creates a private right of action allowing injured consumers to recover damages caused by violation of the act." *Edwards v. Bank of New York Mellon*, No. 2:14CV304, 2014 WL 5594876, at *9 (E.D. Va. Oct. 31, 2014) (citation omitted).

In this case, Plaintiff's claim merely consists of "an unadorned, the-defendant-unlawfully-harmed-me accusation" which is insufficient to satisfy the pleading standard under Fed. R. Civ. P. 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" (citation omitted)). Dismissal is appropriate because Plaintiff's Warrant in Debt clearly fails to state a claim for relief under the FCRA (or under any other statute) that is plausible on its face.

3

### III. Conclusion

WHEREFORE, the premises considered, Defendant prays that this Honorable Court grant its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

                                              Respectfully submitted,

                                              STATE FARM MUTUAL AUTOMOBILE
                                              INSURANCE COMPANY

Date: March 9, 2018              By:      /s/  *Alexander S. de Witt*
                                              Alexander S. de Witt, Esq., VSB # 42708
                                              FREEBORN & PETERS LLP
                                              411 E. Franklin Street, Suite 200
                                              Richmond, VA  23219
                                              Phone: (804) 644-1300 ext. 247
                                              Direct: (804) 433-4790
                                              Fax: (804) 644-1354
                                              E-mail: adewitt@freeborn.com

### CERTIFICATE OF SERVICE

I hereby certify that on this **9th** day of March, 2018, I electronically filed the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all filing users.  I further certify that on this **9th** day of March, 2018, a true copy of the foregoing BRIEF IN SUPPORT OF MOTION TO DISMISS was delivered by electronic mail and by first-class U.S. mail, postage prepaid, to RUHI J. REIMER, 21630 Goodwin Ct., Ashburn, VA 20148, E-mail: ruhi.reimer@gmail.com.

                                                            /s/  *Alexander S. de Witt*
                                                Alexander S. de Witt, Esq., VSB # 42708
                                                FREEBORN & PETERS LLP
                                                411 E. Franklin Street, Suite 200
                                                Richmond, VA  23219
                                                Phone: (804) 644-1300 ext. 247
                                                Direct: (804) 433-4790
                                                Fax: (804) 644-1354
                                                E-mail: adewitt@freeborn.com